. By the Court.
Cowen, J.-
It is unnecessary to enquire whether various exceptions taken in the case, mainly of a formal character, are well founded ; for we think the court below erred in laying down the rule of damages. A warranty on the sale of a chattel is, in legal effect, a promise that the subject of sale corresponds. with the warranty, in title, soundness or other quality to which it relates; and is always so stated in the declaration when this is technically framed. It naturally follows that if the subject prove defective within the meaning of the warranty, the stipulation can be satisfied in no other way than by making it good. That cannot be done except by paying to the vendee such sum as, together with the cash value of the defective article, shall amount to what it would have been worth if the defect had not existed. There is no right in the vendee to return the article and recover the price paid, unless there be fraud, or an express agreement for a return. (Voorhees v. Earl, 2 Hill, 288.) Nor does it add to or detract any from the force or compass of the stipulation that the vendee may have paid a greater or less price. The very highest or the very lowest and most trifling consideration is sufficient. A promise in consideration of one dollar, that a horse which, if sound, would be worth $100, is so, will oblige the promisor to pay $100 if the horse shall prove totally worthless by reason of unsoundness, and $50 if his real value be less by half, and so in proportion. Nor could the claim be enhanced by reason that the vendee had paid $1000.
*627 The rule undoubtedly is, that the agreed price is strong evidence of the actual value ; and this should never be departed from, unless it be clear that such value was more or less than the sum at which the parties fixed it. It is sometimes the value of the article as between them, rather than its general worth, that is primarily to be looked to—a value which very likely depended on considerations which they alone could appreciate. Things are, however, very often purchased on account of their cheapness. In the common language of vendors, they are offered at a great bargain, and when taken at that offer on a warranty, it would be contrary to the express intention of the parties, and perhaps defeat the warranty altogether, should the price be made the inflexible standard of value. A man sells a bin- of wheat at fifty cents per bushel, warranted to be of good quality. It is worth one dollar if the warranty be true ; but it turns out to be so foul that it is worth no more than seventy-five cents per bushel. The purchaser is as much entitled to his twenty-five cents per bushel in damages as he would have been by paying his dollar, and if he had given two dollars per bushel he could recover no more. So, a horse six years old is sold for fifty dollars with warranty of soundness. If sound, he would be worth $100. He wants eyesight, and thus his real value is reduced one half. The vendee ds entitled to fifty dollars as damages; and could recover no more had he paid $200.
The tests of real value or the falling off in that value because the warranty proves to be false is one'thing. The price agreed for the horse, said Lord Denman, C. J., in Clare v. Maynard, (7 Carr. & Payne, 741,) is, I think, “ not conclusive as to its value, though I think it very strong evidence.” Again, “ my view of it is, that the fair value of the horse, if sound, is the measure of damages, and that the sum the plaintiff gave is onlythe evidence of value.” The plaintiff gave 451. for the horse, and had sold him for 551. with warranty, but was obliged to take him back. This per se was not allowed as a ground for recovering the 10/. difference ; the court saying it was the mere loss of an accidental bargain. But the value brought by the horse, on being sold as unsound at a common *628 horse market, was received as evidence of the loss ; and the difference between the price thus obtained, and the price paid, seems to have been taken as the measure of damages, there being no proof of the value of the horse as a sound one, independently of the price. Some items of special damage were claimed in the declaration Over and above the difference of value, part of which were allowed and part disallowed. The only point decided, on the case coming before the whole court, was, that the accidental loss of a good bargain, on the re-sale, did not form a proper item of claim, it being demanded in the declaration as the loss of a bargain. It was there admitted, however, that the jury might otherwise have considered the price obtained on the re-sale as evidence of the real value. Lord Denman cited the case of Cox v. Walker, where a horse was sold to the plaintiff for 100/., with warranty of soundness, and the plaintiff was soon after offered 140/. for him. The horse proved unsound and the plaintiff was obliged to sell him for 49/. 7s. The chief justice left the offer of 140/. to the jury as evidence of the real value ; and they found a verdict for the difference between 140/. and 49/. 7s.; viz. 90/. 13s. This went on the express direction of Lord Denman, that the plaintiff was entitled to recover the actual value of the horse as a sound one at the time, after deducting what he brought as an unsound one. That direction was approved by him, after the case had been argued at the bar, and his attention had been again recalled to the point by the argument in Clare v. Maynard, (6 Adolph. & Ellis, 519.) In the nisi prius report of this case, Curtis v. Hannay (3 Esp. R. 82) appears to have been mentioned by Lord Denman as bearing in favor of his rule. That action was for the price of a horse, at a time when the notion, now exploded, prevailed, viz. that the buyer might return the horse, and sue for the money paid. The defendant accordingly had offered to return him, but the plaintiff refused to receive him,because he had been improperly treated. Lord- Eldon thought the refusal proper under the circumstances ; and, contrary to another rule now settled, he refused to *629 allow a recoupment. But he said, ££ he took it to be clear law, that if a person purchase a horse which is warranted, and it afterwards turn out that the horse was unsound at the time of the warranty, the buyer might, if he pleased, keep the horse, and bring an action on the warranty, in which he would have a right to recover the difference between the value of a sound horse and one with such defects as- existed at the time of the warranty.” Bridge v. Wain, (1 Stark. Rep. 504,) was a warranty that certain pieces'of scarlet cloth, taken by the plaintiff with a view to a sale in the Chinese market, were scarlet cuttings. Turning out not to be so, Lord Ellenborough charged the jury that the plaintiff was entitled to recover such a sum as he would have received had the warranty been true ; and he directed the jury to allow the value of the goods in the Chinese market. The case was moved at the bar on the question, and a new trial refused.
The rule has certainly been laid down without express qualification, that the measure of damages is the difference between the real value of the horse and the price given. (Caswell v. Coare, 1 Taunt. 566.) This was right in the particular case. No evidence of actual value, independently of the price paid, was given or offered. Voorhees v. Earl, before cited, was a warranty that 60 barrels of flour were superfine. They proved to be of inferior quality ; and, after looking at the cases, we thought they gave the measure of damages as it should stand on principle, viz. C£ the difference between the value of the 60 barrels, at the time of the sale, considered as superfine flour, and the value of the inferior article sold.” (See 2 Hill, 291.) In 2 Phil. Ev. 105, Am. ,ed. of 1839, the rule is laid down thus : ££ If he (the purchaser) keep the horse, he may recover the difference between the value of such horse perfectly sound, and the value of the identical horse at the time of the warranty.” The author adds several cases of enhancement arising from special damage, and illustrating a class of exceptions which we admitted to exist in Voorhees v. Earl. Restricting the rule in Caswell v. Coare to the case as it stood on the evidence— *630 and so it should clearly be restricted—there is no discrepancy in the English cases.
It is impossible to say, nor have we the right to enquire, whether the real value of the horse in question, supposing him to have been sound, would have turned out to be more or less than the $90 paid. Suppose the jury .thought, with one witness whom the court allowed to state such value for another purpose, that it was not more than $80 ; the plaintiff then recovered ten dollars, not on account of the defect, but because he had been deficient in care or sound judgment as a purchaser. On the other hand, had the horse been actually worth $100, the defendant would have been relieved from the payment of the ten dollars because he had made a mistake of value against himself. The cause might thus have turned on a question entirely collateral to the truth of the warranty.
In confining the defendant to the rule of Caswell v. Coare, as an unqualified one, we think the court below erred; and that for this reason the judgment must be reversed. We direct that a venire de novo issue from that court; and that the costs shall abide the event.
Rule accordingly.